UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN JOHN KURTZ and
 JENNIFER GRADECKI,

        Plaintiffs,

  v.

U. S. DEPARTMENT OF JUSTICE,

        Defendant.
_____

## Complaint

1. This is an action under the Freedom of Information Act (FOIA), 5 USC §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records pertaining to Steven John Kurtz that have been improperly withheld by defendant Department of Justice (DOJ) and its component Federal Bureau of Investigation (FBI).

## Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552 (a) (4) (B). This Court also has jurisdiction over this action pursuant to 28 USC §1331. Venue lies in the district under 5 USC §552 (a) (4) (B).

## Parties

3. Plaintiff Steven John Kurtz also known as Steve Kurtz (hereinafter Kurtz) is an artist and cultural activist.

4. Plaintiff Jennifer Gradecki (hereinafter Gradecki) is a PhD candidate at SUNY Buffalo conducting research on the Kurtz case. Gradecki is in her final semester of funding and

needs the FBI files on Kurtz to write the greater part of her dissertation before May of 2016 in order to graduate in the summer of 2017.

5.   Defendant DOJ is a Department of the Executive Branch of the United States Government, and includes component entity FBI.  The DOJ is an agency within the meaning of 5 USC §552 (f).

## Facts

6. By letter dated December 9, 2014, addressed to the FBI, Gradecki requested copies of all records pertaining to Kurtz.

7. By letter dated December 24, 2014, Mr. David M. Hardy (hereinafter Hardy), Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, advised Kurtz that his FOIA request had been received at FBI Headquarters for processing and that the FBI was searching the indices to its Central Records System for information responsive to his request.  See FOIPA Request No. 1317441-000.

8.  By letter dated February 6, 2015, Hardy informed Kurtz that the FBI had located approximately 2,327 pages of records potentially responsive to his FOIA request.  Kurtz was asked to provide the FBI with a duplication format decision and his willingness to pay duplication fees.  Kurtz was also given an opportunity to reduce the scope of his FOIA request.

9. By letter dated February 14, 2015, addressed to the FBI, Kurtz indicated that he was willing to pay duplication fees and that he wanted the sought-after records on CDs.

10.   By letter dated October 19, 2015, Hardy advised Kurtz that the FBI had underestimated the number of records and there were actually 2,512 potentially responsive pages.  If these pages were released to Kurtz on CD, he would owe the FBI $85 in duplication

fees.  In addition, two CDs consisting of audio and video files potentially responsive to Kurtz's request had been located by the FBI according to Hardy.

11.  By letter dated October 24, 2015, addressed to the FBI, Kurtz indicated that he was willing to pay duplication fees.

12.  The FBI failed to make a determination on plaintiffs' FOIA request as required by 5 USC §552 (a) (6) (A) (i).

13.  By letter dated November 9, 2015, Gradecki filed an administrative appeal with DOJ, Office of Information Policy (OIP).

14.  By letter dated November 23, 2015, Ms. Priscilla Jones, Supervisory Administrative Specialist, DOJ, OIP, advised Gradecki that her administrative appeal dated November 9, 2015 had been received on November 19, 2015 and that it had been assigned number AP-2016-00686.

15.  By letter dated December 15, 2015, Mr. Matthew Hurd, Attorney Advisor for Sean O'Neill, Chief, Administrative Appeals Staff, DOJ, OIP, failed to make a determination on plaintiffs' administrative appeal as required by 5 USC §552 (a) (6) (A) (ii) .

16.  Plaintiffs have exhausted the applicable administrative remedies with respect to their FOIA request.

17.  Plaintiffs have a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from plaintiffs.

## **Requested Relief**

Wherefore, plaintiffs pray that this Court:

1. order defendant to conduct a search for any and all responsive records to plaintiffs' request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;

2. order defendant to produce, by a date certain, any and all non-exempt records responsive to plaintiffs' request and a Vaughn index of any responsive records withheld under claim of exemption;

3. enjoin defendant from continuing to withhold any and all non-exempt records responsive to plaintiffs' request;

4. grant plaintiffs an award of reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC §552 (A) (4) (E); and

5. grant plaintiffs such other relief as the Court may deem just and proper.

Dated: February 8, 2016

Respectfully submitted,

*s/michael kuzma*
Michael Kuzma, Esq.
Counsel for Plaintiffs
1893 Clinton Street
Buffalo, NY 14206
(716) 822-7645
Kuzma_Michael@hotmail.com